**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CURTIS S. THOMPSON,

    Plaintiff - Appellant,

 v.

OFFICER BURACH, King County Jail; et al.,

    Defendants - Appellees.

No. 12-35126

D.C. No. 2:05-cv-02064-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 12, 2013[**]

Before:  PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

  Curtis S. Thompson, a Washington state prisoner, appeals pro se from the

district court's summary judgment and judgment following a bench trial in his 42

U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and summary judgment, *Toguchi v Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We review de novo a district court's conclusions of law and for clear error its findings of fact following a bench trial.  *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011).  We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Thompson's claims against the supervisory defendants because Thompson failed to allege facts demonstrating their personal involvement in any constitutional violation or a causal connection between their conduct and any such violation.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (citation and internal quotation marks omitted)).

The district court properly dismissed Thompson's claims against the Seattle Police Department, King County Prosecutor's Office, and the King County Jail alleging municipal liability because Thompson did not allege facts demonstrating

that defendants' actions were the result of an official policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

The district court properly dismissed Thompson's claims against prosecutors in his criminal proceedings on the basis of prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutors are entitled to absolute immunity under § 1983 for "initiating a prosecution and . . . presenting the State's case").

The district court properly granted summary judgment as to defendant Higa because Thompson failed to raise a genuine dispute of material fact as to whether it was not objectively reasonable for Higa to hit him with a flashlight to effectuate his arrest. *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989) (setting forth the objective reasonableness standard). To the extent that Thompson challenges the district court's denial of leave to amend his complaint to add the second arresting officer, the district court did not abuse its discretion because it had already determined that Thompson's rights had not been violated. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (dismissal without leave to amend is proper where the complaint cannot be saved by any amendment).

Denial of judgment for Thompson following the bench trial was proper because Thompson failed to demonstrate by a preponderance of the evidence that

the remaining defendants used excessive force when they attempted to restrain and subdue Thompson with the use of pepper spray and counter-joint techniques. *See Graham*, 490 U.S. at 395-97.

The district court did not abuse its discretion by denying Thompson's motion to appoint counsel because Thompson failed to show exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion by denying Thompson's motion for recusal. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712-13 (9th Cir. 1993) (per curiam) (applying abuse of discretion standard of review and noting that adverse rulings alone are insufficient to demonstrate judicial bias).

Thompson's contentions that the district court erred in denying his motions to compel discovery, in its evidentiary rulings, and in its trial management decisions, are unpersuasive.

**AFFIRMED.**